U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| YOLANDA JACKSON, as Administrator of the Estate of KEVIN CURTIS, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., EVA LEVEN, MOHAMMED SIDDIQUI, GAIL WALLS, NICKOLAS MITCHELL, CHARLES FRERKING, JEREMY FRERICH, and ANDREW BENNETT, <br><br> Defendants. | Case Number 3:20-cv-00900-DWD |

**JOINT MOTION FOR ENTRY OF AMENDED
HIPAA QUALIFIED PROTECTIVE ORDER**

Plaintiff, YOLANDA JACKSON, as Administrator of the Estate of KEVIN CURTIS, through her counsel, and Defendants WEXFORD HEALTH SOURCES, INC., DR. EVA LEVEN, AND DR. MOHAMMED SIDDIQUI, through their counsel, hereby respectfully request that this Court enter an amended HIPAA Qualified Protective Order, which has been simultaneously submitted to the Court. In support of their request, the parties state as follows:

1. On November 10, 2020, Defendants Wexford, Leven, and Siddiqui (the Wexford Defendants) filed a motion for entry of a HIPAA Qualified Protective Order. Dkt. 24. Plaintiff opposed Defendants' motion. Dkt. 26.

2. The parties have since conferred about the contents of any such HIPAA Qualified Protective Order governing discovery into the medical and mental health information of the decedent in this case, Kevin Curtis. The parties agree that a HIPAA Qualified Protective Order is necessary to enable to the request and production of these records, which are relevant to the matters in dispute in this case.

3. The parties have accordingly reached agreement about the contents of a HIPAA Qualified Protective Order, which they have submitted to this Court simultaneously with the filing of this motion. The parties further agree that this motion renders Defendants' motion for a HIPAA qualified protective order, Dkt. 24, moot.

4. There is good cause for entry of the proposed amended HIPAA qualified protective order because the proposed amended HIPAA qualified protective order permits the production and discovery of relevant records pertaining to Mr. Curtis, whose treatment is at issue, while simultaneously providing that any such records be kept confidential.

5. The parties have reached preliminary impasse on the issue of whether a HIPAA Qualified Protective Order should be entered to govern production of the medical and mental health records of third parties. But in order to facilitate the entry of a HIPAA Qualified Protective Order on which the parties can agree, the parties have agreed not to include any discussion about the production or discovery of medical or mental health records pertaining to third parties.

6. Counsel for Plaintiff and the Wexford Defendants contacted counsel for the remaining Defendants (the IDOC Defendants), who indicated that they took no position on this motion.

WHEREFORE, the parties respectfully request that this Court enter the agreed upon Amended HIPAA Qualified Protective Order.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Sarah Grady
Stephen Weil
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
sarah@loevy.com

/s/ Jaclyn Kinkade (with consent)
Jaclyn Kinkade
Attorney for the Wexford Defendants

Jaclyn A. Kinkade
CASSIDAY SCHADE LLP
100 North Broadway, Ste. 1580
St. Louis, MO 63102
(314) 241-1377
jkinkade@cassiday.com

**CERTIFICATE OF SERVICE**

      I, Sarah Grady, an attorney, hereby certify that on November 24, 2020, I caused a copy of the foregoing to be filed via CM/ECF, which effected service on all counsel of record.

                                        /s/ Sarah Grady
                                        Sarah Grady
                                        Attorney for Plaintiff