**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

YOLANDA JACKSON, as Administrator )
of the Estate of KEVIN CURTIS, )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Case No. 20-cv-0900-DWD
                                  )
WEXFORD HEALTH SOURCES, INC.,     )
et al.,                           )
                                  )
          Defendants.             )     Hon. David W. Dugan

**PLAINTIFF'S MOTION TO COMPEL THREE DOCUMENTS**

Plaintiff hereby respectfully asks this Court to order Wexford to produce three PowerPoint slide decks prepared by its expert, Dr. John Slish, regarding three presentations Dr. Slish gave on deliberate indifference. In support of her request, Plaintiff states as follows:

**INTRODUCTION**

Defendants' expert John Slish has given three presentations on deliberate indifference, each of which was accompanied by a PowerPoint slide deck that Dr. Slish created and published to correctional and law enforcement officials he was addressing. Dr. Slish has testified that giving these presentations has qualified him as an expert on the concept of deliberate indifference and deliberate indifference in the context of medical care specifically.

Dr. Slish purports to offer opinions about deliberate indifference in this case. So naturally, Plaintiff requested production of the materials that Dr. Slish presented that he contends qualified him to opine on deliberate indifference here. Plaintiff made that request on several occasions, including via subpoena, orally at Dr. Slish's deposition, and via email.

In response, Wexford's counsel repeatedly represented that they were working to communicate with Dr. Slish about the slide decks. It was only after the deadline of fact discovery passed that counsel for Wexford raised an objection to their production. Plaintiff had hoped to avoid court involvement in such a simple matter but Wexford has refused to compromise. Accordingly, Plaintiff asks this Court to compel production of these three documents.[1]

## BACKGROUND

As this Court is well aware, this case centers on the deliberate indifference of Defendants in their treatment of Kevin Curtis. Wexford (and the other Wexford Defendants) have disclosed four retained experts, including Dr. John Slish, a former emergency room physician and police officer. Dr. Slish has opined that Defendants did not act with deliberate indifference in their treatment of Kevin Curtis. Ex. A (John Slish Dep. Excerpts) at 63-64.

In his curriculum vitae (CV), Dr. Slish notes that he has given presentations to the International Association of Chiefs of Police and the Center for American and International Law, which Dr. Slish testified included correctional and correctional medical officials, on "Deliberate Indifference" on three separate occasions: in October 2016, in April 2017, and in December 2017. Ex. B (John Slish CV) at 8; Ex. A at 55-56. Dr. Slish testified that each of these presentations was accompanied by a PowerPoint slide deck that he published to participants. Ex. A at 60.

Plaintiff has requested those PowerPoint slide decks. Those slide decks are responsive to a subpoena Plaintiff served on Dr. Slish, via defense counsel, before the deposition—specifically, Plaintiff's request for publications authored by Dr. Slish regarding practices of correctional medical systems. Ex. C (Subpoena) at 5 (Request 4); *see also* Ex. D (Defs.' Subpoena Resp.) at

---

[1] Dr. Slish testified he was unsure whether he maintained separate versions of the PowerPoint slide decks for each of the three lectures, or whether he simply overwrote the prior slide deck to update it. Ex. A at 61. If he overwrote the slide decks and only now has a single copy of the slide deck, Plaintiff's seeks production of just that single slide deck.

2.[2] Plaintiff also requested the slide decks directly during Dr. Slish's deposition, Ex. A at 5, 61, and followed up with counsel about the request shortly after the deposition, Ex. E (Emails Between Counsel) at 1.[3] The slide decks are also plainly relevant to this case, and Dr. Slish's opinions about this case, which centers on deliberate indifference.

After a follow-up prompt from Plaintiff, counsel for the parties conferred about this issue via telephone on November 14. In response to Plaintiff's repeated request for the documents, and Plaintiff's offer that if Dr. Slish would produce the three slide decks at issue Plaintiff would forego further compliance with the remainder of Request 4 in the subpoena, defense counsel agreed to request the slide decks from Dr. Slish. *Id.* at 13. One month later, having heard nothing from Defendants or Dr. Slish, Plaintiff's counsel asked defense counsel on December 5 to "let us know where things stand" on production of the presentations. *Id.* at 8. Defense counsel reported that she had not yet been able to speak with Dr. Slish. *Id.*

On the evening of December 14, Plaintiff's counsel again checked in regarding the presentations. Plaintiff's counsel did not receive a response to that email, despite receiving multiple other emails from defense counsel, so the next afternoon, Plaintiff's counsel again "reraised" the issue. *Id.* at 9 (cleaned up). The next day, December 15, Defense counsel reported that she had asked Dr. Slish about the presentations but that he had not been able to look because he was out of town. *Id.* at 9.

Having heard nothing further, on the afternoon of December 18 (the date that the Court had set for the close of discovery), Plaintiff's counsel asked again. Given the impending discovery

---

[2] Neither Defendants nor their experts produced a single document in response to Plaintiff's expert subpoenas.

[3] Plaintiff has redacted certain parts of Exhibit C that pertain to irrelevant matters and involve information or materials designated as "Attorneys' Eyes Only."

deadline, Plaintiff's counsel asked defense counsel how she wanted to handle resolving the last items, including whether she wanted to agree to keep discovery open as to the last items (including Dr. Slish's presentations) that remained outstanding. *Id.* at 10. Defense counsel responded that she had asked the Court for 90 additional days, which she considered a "realistic timeline." *Id.* at 11. Although not directed at the issue regarding discovery from Dr. Slish in particular, Plaintiff's counsel understood this comment to be addressed toward the need to extend discovery for the currently outstanding discovery issues, of which Dr. Slish's slide decks were a part. Just hours later, Plaintiff's counsel responded, asking: "What's the deal with Dr. Slish's documents? Are we getting those or do we need to move to compel them?" *Id.* at 12.

Defense counsel responded the next morning, on December 19—the day after the close of discovery. For the first time since Plaintiff asked for the documents by name, defense counsel raised a concern about producing them because of their responsiveness. *Id.* Notably, Plaintiff's counsel had repeatedly informed Defendants and their counsel that she believed the presentations were responsive to Request 4 in the subpoena. *See id.* at 1. No disagreement or objection to that characterization had been made until *after* the discovery deadline passed. Nevertheless, Plaintiff's counsel restated that the presentations were responsive to Request 4 in the subpoena, and noted that Plaintiff had requested them on several occasions and Defendants had agreed to request them from Dr. Slish without ever raising an issue with responsiveness. *Id.* at 13. Defendants restated their new position that the presentations were not responsive and apparently not relevant and the parties reached impasse on December 21. *Id.* at 13-14.

Counsel was occupied preparing a substantial response to Defendants' motion to reconsider on December 21 and 22. *See* Dkt. 189. Monday was Christmas. Plaintiff is respectfully submitting this motion the very next business day, December 26. Due to the fact that the discovery deadline

4

passed before this issue became ripe for the Court's consideration, because the case law concerning

motions to compel after the discovery deadline focus on the timing of the filing of the motion, and

because Plaintiff understands that defense counsel is out of town until after the New Year, Plaintiff

is presenting this issue to the Court in good faith without a joint report.

**DISCUSSION**

"A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for

discovery described in Rule 26(b)(1)." *Pruitt v. K&B Transp., Inc.*, 2022 WL 1555378, at *2 (S.D.

Ill. May 17, 2022) (citing *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir.

2004)). As this Court has previously noted, Rule 26(b)(1) allows "[p]arties [to] obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and is

proportional to the needs of the case . . . ." Dkt. 157 at 3.

Dr. Slish, who intends to opine about Wexford's deliberate indifference at trial, previously

published three slide decks about deliberate indifference to correctional officials during a

presentation entitled "Deliberate Indifference." There can be no dispute that these slide decks are

relevant to Plaintiff's claims (of deliberate indifference) and defenses (against Dr. Slish's opinion

that no deliberate indifference occurred). Under these circumstances, courts frequently order

production of similar documents previously prepared by experts at conferences or similar settings.

*See, e.g., Allison v. Vince Scroggins, P.A.*, 2011 WL 650383, at *3 (W.D.N.C. Feb. 10, 2011)

(compelling production of relevant prior presentations at conferences, which arguably fell under

Rule 26(a)(2)(B)(iv) and were in any event "relevant to issues in this case").

There can similarly be no dispute about the breadth or burden of Plaintiff's requests.

Although her subpoena asked for multiple categories of documents, during conversations with

counsel, Plaintiff narrowed her request to just three documents identified by name and date in Dr.

Slish's CV. It is Plaintiff's understanding that Dr. Slish has located the electronically stored slide decks (although it is unknown whether or not he has already provided them to defense counsel).[4] Ex. E at 13. Thus, the burden on Dr. Slish would be nothing more than the sending of a single email—or at most, depending on the size of the electronic files, three.

Plaintiff expects that Defendants will argue in response that this motion comes too late because it falls after the disclosure deadline of December 18. Plaintiff's counsel, too, wishes that this motion did not need to be brought, let alone drafted on the day after Christmas so that Plaintiff can ensure she was acting with all possible diligence. But the Federal Rules place no time limit on the outside date for filing motions to compel and courts have flexibility to entertain them—particularly where a party has demonstrated that they have acted diligently in bringing the matter before the Court. *See, e.g., Blanchard v. Edgemark Fin. Corp.*, 192 F.R.D. 233, 235 (N.D. Ill. 2000) (30 days after discovery deadline not too late); *Talbert v. City of Chicago*, 2006 WL 8459556, at *3 (N.D. Ill. Sept. 19, 2006) (reaching merits of motion to compel filed "months after" the close of discovery); *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999) (finding discovery motion filed "soon after the close of discovery" timely); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005) (noting a court's discretion to decide discovery motions brought after the close of discovery, but finding a motion filed six months late too delayed). As noted above, Plaintiff acted diligently in raising this issue with counsel for Wexford and continued to press the matter with promising responses from defense counsel that indicated that if the electronic files existed, they would be produced. Plaintiff

---

[4] If defense counsel has received the slides from Dr. Slish, then defense counsel, as Defendants' agent, has an independent and additional duty to produce them pursuant to Rule 26(e), as they are unquestionably responsive to Plaintiff's requests for production. *PharMerica Chicago, Inc. v. Meisels*, 2011 WL 13388563, at *2 (N.D. Ill. Nov. 3, 2011) ("Because a client has the right, and ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control.").

conferred with Defendants for nearly a month and a half regarding the three slide decks and understood throughout this time that Defendants intended to produce them if they existed. It was only *after* the discovery deadline that Defendants indicated that they would not produce the documents (even though they had apparently been located) and the parties were at impasse. Within just a few days, Plaintiff has now brought this motion to compel. Accordingly, Plaintiff respectfully submits that she has acted diligently in raising this issue and the fact that it is being filed approximately one week after discovery closed should not stand in the way of this motion being decided on its merits.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion and order Defendants to produce the three PowerPoint slide decks at issue.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Sarah Grady
Howard Kaplan
David Schmutzer
Nabihah Maqbool
Annie Garau Kelly
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com

7

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Grady, an attorney, hereby certify that on December 26, 2023, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff