IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YOLANDA JACKSON, as Administrator of the Estate of KEVIN CURTIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICKOLAS MITCHELL, et al., )<br>)<br>Defendants. ) | Case No. 3:20-cv-900-DWD |

### FINAL PRETRIAL ORDER

**DAVID W. DUGAN, District Judge:**

I. **COUNSEL OF RECORD**

   **Attorneys for Plaintiff:**

   Sarah Grady (sarah@kaplangrady.com)
   Howard Kaplan (howard@kaplangrady.com)
   David Schmutzer (david@kaplangrady.com)
   Adam Smith (adam@kaplangrady.com)
   Mattie Haag (mattie@kaplangrady.com)
   T: (312) 852-2675

   **Attorneys for Defendants:**

   <u>For Defendant Mitchell:</u>
   Jeanine Armstrong (jeanine.armstrong@ilag.gov)
   T: (618) 236-8784

   <u>For Defendants Bennett, Frerich, Frerking, and Walls:</u>
   R. Brandon Shultz (robert.shultz@ilag.gov)
   Jennifer Powell (jennifer.powell@ilag.gov)
   T: (618) 236-8781

II. **NATURE OF THE CASE**

This case concerns the death of Kevin Curtis at Menard Correctional Center on September 5, 2018. The plaintiff is Yolanda Jackson, Mr. Curtis's mother and the administrator of his estate. The defendants are Nickolas Mitchell, Jeremy Frerich, and Charlie Frerking, Andrew Bennett, and Gail Walls. Ms. Jackson alleges that the defendants disregarded Mr. Curtis's serious medical needs on September 5, 2018, in violation of his rights under the United States Constitution and state law. Ms. Jackson seeks monetary damages for Mr. Curtis's pain and suffering, death, and the loss that his family suffered as a result of his death.

The defendants deny all allegations of wrongdoing and deny they are liable to Plaintiff in any way.

### III.   SUBJECT MATTER JURISDICTION

This is an action for compensatory and punitive damages brought under 42 U.S.C. § 1983.

The basis for the Court's subject matter jurisdiction is federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

Defendants dispute the Court's jurisdiction over the claims brought pursuant to Illinois law. Defendants do not dispute the Court's federal question jurisdiction.

### IV.   UNCONTROVERTED FACTS

The following facts are not disputed:

1. Kevin Curtis entered IDOC custody on July 7, 2017.
2. From July 19, 2017, until his death on September 5, 2018, Mr. Curtis was a prisoner at Menard Correctional Center in Menard, Illinois.
3. On September 5, 2018, Defendant Nickolas Mitchell was employed by IDOC as a correctional officer at Menard Correctional Center.
4. On September 5, 2018, Defendant Andrew Bennett was employed by IDOC as a correctional sergeant at Menard Correctional Center.
5. On September 5, 2018, Defendant Jeremy Frerich was employed by IDOC as a correctional officer at Menard Correctional Center.
6. On September 5, 2018, Defendant Charlie Frerking was employed by IDOC as a correctional officer at Menard Correctional Center.
7. On September 5, 2018, Defendant Gail Walls was employed by IDOC as the healthcare unit administrator at Menard Correctional Center.
8. At all relevant times, each Defendant acted under color of law.
9. Defendant Nickolas Mitchell was the correctional officer assigned to crisis-

          watch duty on 5 Gallery between 3:00 and 11:00 p.m. on September 5, 2018.
10. Defendant Jeremy Frerich was assigned as the "crank officer" for 5 Gallery during the 3 p.m. to 11 p.m. shift on September 5, 2018.
11. Defendant Charlie Frerking was assigned as the "gallery officer" for 5 Gallery during the 3 p.m. to 11 p.m. shift on September 5, 2018.
12. Defendant Andrew Bennett was assigned as sergeant of the North 2 cellhouse during the 3 p.m. to 11 p.m. shift on September 5, 2018.
13. Mr. Curtis was pronounced dead at 6:37 p.m. on September 5, 2018.
14. Mr. Curtis was 31 years old at the time of his death.

The parties propose to convey these facts to the jury in the following manner: **The parties would like to discuss when and in what manner these facts will be conveyed to the jury.**

## V. CONTROVERTED FACTS

The following facts remain disputed by the parties:

1. Whether Defendants violated Mr. Curtis's rights under the Eighth Amendment by exhibiting deliberate indifference to a serious medical need.
2. Whether Defendants Bennett, Frerich, Frerking, or Mitchell violated Mr. Curtis's rights under the Eighth Amendment by failing to intervene in the violation of Mr. Curtis's constitutional rights by another state official.
3. Whether Defendants Bennett, Frerich, Frerking, or Walls violated Mr. Curtis's rights under state law through their actions and/or omissions.
4. Whether Plaintiff is entitled to compensatory and/or punitive damages and, if so entitled, what quantum of compensatory and/or punitive damages is appropriate.

The parties agree that these controverted facts shall not be read to the jury.

## VI. AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues:
1. Whether Plaintiff may submit Eighth Amendment claims of deliberate indifference by Defendants to the jury.
2. Whether Plaintiff may submit Eighth Amendment claims of failure to intervene in a violation of Mr. Curtis's constitutional rights to the jury.
3. Whether Plaintiff may submit wrongful death claims and/or survival claims under Illinois state law to the jury, as to Defendants Frerking, Frerich, Bennett, or Walls.

4. Whether Plaintiff is entitled to seek compensatory damages.
5. Whether Plaintiff is entitled to seek punitive damages.
6. Whether Defendants are entitled to qualified immunity.
7. Whether Defendants Bennett, Frerich, Frerking and Walls are entitled to sovereign immunity, and whether these Defendants are entitled to assert any such defense.

VII. **WITNESSES**

**NOTE: Identification of witnesses in this Final Pretrial Order does not relieve the parties of their obligation to timely file pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). The parties should simply list below the witnesses that have been disclosed pursuant to Rule 26(a)(3) whom they intend to call at trial. Every party to the action should include a list of witnesses in the form set forth below. Any witness not properly disclosed will not be allowed to testify.**

Plaintiff intends to call the following witnesses:

<u>Expert witnesses:</u>
1. Dr. Francisco Diaz

<u>Non-expert witnesses:</u>
1. Yolanda Jackson
2. Clarissa Curtis
3. Rachel Henry
4. Shema Givens
5. Travis Jones
6. Wynton Collins
7. Brad Thomas
8. Dr. Christina Floreani
9. Dr. Lisa Goldman
10. Nickolas Mitchell
11. Charlie Frerking
12. Jeremy Frerich
13. Andrew Bennett
14. Gail Walls

In addition, Plaintiff may call the following witnesses:

Expert witnesses:
1. Dr. Ryan Herrington
2. Dr. Richard Cockerill
3. Dr. Kara Lynch
4. Dr. Sarah Riley

Non-expert witnesses:
1. Angela Crain (IDOC Rule 30(b)(6))
2. Kevin Reichert (IDOC Rule 30(b)(6))
3. Shane Reister (IDOC Rule 30(b)(6))
4. Trevor Rowland (IDOC Rule 30(b)(6))
5. Anthony Jones
6. Melissa Pappas
7. Jacob Weatherford
8. Michael Moldenhauer
9. Caleb Zang
10. Dr. Kamal Sabharwal
11. Any of the witnesses identified by Defendants in their Rule 26(a)(3) disclosures

Defendant Mitchell intends to call the following witnesses:[1]

Expert witnesses:
1. Dr. Kamal Sabharwal

Non-expert witnesses:
1. Plaintiff Yolanda Jackson;
2. Defendant Nickolas Mitchell;
3. Gail Walls;
4. Charlie Frerking;
5. Jeremy Frerich;
6. Andrew Bennett;
7. Matthew Dulaney;
8. Brad Thomas; and
9. Angela Crain.

In addition, Defendant Mitchell may call the following witnesses:

---

[1] Plaintiff filed motions *in limine* regarding Defendants' disclosures and ability to call certain of the witnesses they identified. (Docs. 343 & 373).

Expert witnesses:
1. Dr. John Slish;
2. Dr. Michael Pins;
3. Dr. Ryan Herrington;
4. Dr. Francisco Diaz;
5. Dr. Richard Cockerill.

Non-expert witnesses:
1. Christina Floreani;
2. Eva Leven;
3. Shane Reister;
4. Michael Moldenhauer;
5. Kevin Reichert;
6. Caleb Zang;
7. Curtis Dallas;
8. Matthew Dulaney;
9. Maryann Merideth;
10. Elizabeth Knop;
11. Latika Burns;
12. Chantel McClure;
13. Clarissa Curtis;
14. Menard Correctional Center Records Custodian; and
15. Chester Memorial Hospital Records Custodian.
16. Any of the witnesses identified by Plaintiff in her Rule 26(a)(3) disclosures.

Defendants Bennett, Frerich, Frerking, and Walls intend to call the following witnesses:

Non-Expert witnesses:
1. Plaintiff Yolanda Jackson;
2. Defendant Andrew Bennett;
3. Defendant Jeremy Frerich;
4. Defendant Charlie Frerking;
5. Defendant Gail Walls;
6. Defendant Nickolas Mitchell.

In addition, Defendants Bennett, Frerich, Frerking, and Walls may call the following witnesses:

Expert witnesses:
1. Dr. John Slish;
2. Dr. Michael Pins;
3. Dr. John Shields;
4. Dr. Ryan Herrington;
5. Dr. Francisco Diaz;
6. Dr. Richard Cockerill.

Non-expert witnesses:
1. Anthony Jones;
2. Brad Thomas;
3. Dr. Kamal Sabharwal;
4. Dr. Lisa Goldman;
5. Kevin Reichert;
6. Caleb Zang;
7. Angela Crain;
8. Shane Reister;
9. Trevor Rowland;
10. Matthew Dulaney;
11. Curtis Dallas;
12. Jerry Witthoft;
13. Chantel McClure;
14. Dr. Sarah Riley;
15. Dr. Kara Lynch;
16. Christina Floreani;
17. Melissa Childs;
18. Shema Givens;
19. Rachel Henry;
20. Travis Jones;
21. Tiffany Neal;
22. Michael Moldenhauer;
23. Carlos Barbour;
24. Menard Correctional Center Records Custodian;
25. Menard Correctional Center Medical Records Custodian;
26. Any of the witnesses identified by Plaintiff in her Rule 26(a)(3) disclosures.

## VIII. EXHIBITS

Plaintiff filed her operative Rule 26(a)(3) disclosures on December 31, 2025. Dkt.

339. Defendant Mitchell filed his operative Rule 26(a)(3) disclosures on December 29, 2025. Dkt. 338. Defendants Bennett, Frerich, Frerking, and Walls filed their operative Rule 26(a)(3) disclosures on December 29, 2025. Dkt. 337. Defendants' objections to Plaintiff's Rule 26(a)(3) disclosures were filed on January 7 and 8, 2026. (Docs. 350 & 353). Plaintiff's objections to Defendants' Rule 26(a)(3) disclosures were filed on January 7, 2026. (Doc. 349).

**NOTE:** The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

In addition to the provisions of Rule 26, the parties shall prepare an [Exhibit List](#) using Judge Dugan's approved form (a revision of AO Form 187). In addition to this exhibit list, the parties will receive an email from Judge Dugan's Courtroom Deputy Clerk, Dana Winkeler, ahead of trial with information about preparing a separate exhibit list for use with the Jury Exhibit Retrieval System (JERS). Both exhibit lists must be prepared by all parties. Exhibit lists are generally due the Wednesday before the first day of trial. The Courtroom Deputy will provide more information regarding the deadline in an email ahead of trial.

## IX. DAMAGES

Plaintiff seeks compensatory and punitive damages for Kevin Curtis's wrongful death and prolonged pain and suffering, and as to Defendants Bennett, Frerich, Frerking, and Walls, for the loss of consortium and other services that Mr. Curtis's next of kin suffered as a result of his death.[2]

Defendants dispute Plaintiff is entitled to any damages.

## X. BIFURCATED TRIAL

No party has moved for bifurcation.

## XI. TRIAL BRIEFS

Plaintiff filed a trial brief, regarding the admissibility of certain party statements, on January 23, 2026. (Doc. 375). Otherwise, the parties did not file trial briefs, and

---

[2] Defendants have not raised any objections to the phrasing of Plaintiff's statement of damages based on the parties' understanding that this statement will not be read to the jury.

they do not intend to file any further unless the need arises or briefs are requested by the Court.

## XII.  MOTIONS *IN LIMINE*

Pursuant to the Court's Order, motions *in limine* were due on January 5, 2026. Dkt. 327. Responses, if any, were due on January 12, 2026. *Id.* Defendants received an extension to January 16, 2026. (Docs. 361 & 365). The Motions *in Limine* were resolved at the follow-up Final Pretrial Conference on January 22, 2026. (Doc. 373).

**Plaintiff's Statement:**

Plaintiff anticipated moving *in limine* to bar Defendants from attempting to call experts disclosed by the Wexford Defendants (whether retained or unretained). If Defendants were not barred from calling Wexford's experts, Plaintiff anticipated renewing her prior *Daubert* motions to exclude, in whole or in part, the testimony and opinions of those experts.

## XIII.  DEPOSITION DESIGNATIONS

The parties anticipate that one or more witnesses may be presented via deposition designation. The parties anticipate working collaboratively to designate any such deposition transcripts and to present any such disputed objections to the Court in timely fashion, as set forth below.

Counsel must confer prior to trial to determine which deposition objections can be resolved without Court intervention. To the extent the parties reach an agreement, all copies of the deposition (and the Court's original) should be marked to strike the testimony that will not be read to the jury.

If objections remain that require a ruling by the Court, counsel shall notify the Court prior to jury selection on the first day of trial. At that time, counsel shall provide the Court with copies of the deposition(s) with all disputed portions highlighted, flagged and marked via post-it note or separate sheet of objections with page and line references.

## XIV.  JURY INSTRUCTIONS

The parties have submitted proposed jury instructions. They were due by 12 p.m. on January 7, 2026.

## XV. OTHER TRIAL-RELATED MATTERS

A. **Trial Date**. Jury Trial will begin on **February 2, 2026**.

B. **Length of Trial**. The probable length of trial is **five to eight days**.

C. **Voir Dire**. Judge Dugan conducts preliminary voir dire which also includes some demographic and qualification questions. After Judge Dugan concludes preliminary questioning, each party may participate, with limitations imposed by the Court, in voir dire separately. Counsel also may request that Judge Dugan question jurors on certain issues that may be sensitive or which a party would rather the Judge ask instead of counsel. In its discretion, the Court may conduct the voir dire without participation of counsel. In light of privacy concerns, counsel should only refer to prospective jurors by their juror number. Any voir dire questions that counsel specifically want Judge Dugan to ask shall be submitted via e-mail to DWDpd@ilsd.uscourts.gov prior to the first day of trial.

D. **Number of Jurors**. In civil cases, at least six jurors will be chosen. Additional jurors may also be chosen. All remaining jurors at the end of closing arguments will participate in deliberations pursuant to Federal Rule of Civil Procedure 48.

E. **Witness Exclusion**. On motion of counsel, Judge Dugan will enter an Order excluding witnesses from the courtroom during trial. Counsel will bear primary responsibility for monitoring enforcement of the Order.

**APPROVED AS TO FORM AND SUBSTANCE:**

 **/s/ Sarah Grady**
**Attorney for Plaintiff**

 **/s/ Jeanine Armstrong**
**Attorney for Defendant Mitchell**

 **/s/ R. Brandon Shultz**
**Attorney for Defendants Bennett, Frerich, Frerking, and Walls**

**SO ORDERED.**

Dated: January 26, 2026

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

**SO ORDERED.**

Dated: January 26, 2026

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge